77,638-08

Mr. NKrumah Lumumba Valier
TDCJ-No. 1546714
Dalhart Unit
11950 FM 998
Dalhart, Tx. ~~78800~~ 79022

December 11, 2014

MOTION DENIED
DATE: 1-9-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2014

Abel Acosta, Clerk

To: Abel Acosta, Clerk
Court Of Criminal Appeals
P.O. Box. 12308, Capitol Station
Austin, Texas 78711

Re: Trial Court No. 1150625-D   WR-77,638-08

Dear Clerk:

Please Find enclosed and File Applicant's Motion To Appeal The Denied Applicant's Motion To Dismiss Conviction With Prejudice Because The Conviction Violates The Applicant's Rights Under The Due Process Clause Of The Fourteenth Amendment.

Please bring to the attention of the Court For consideration. And please give the Applicant a writen response to the ruling Of the Court in this matter.

Thank you For any and all assistance in this matter.

Respectfully,
Mr. NKrumah Lumumba Valier

# IN THE COURT OF CRIMINAL APPEALS

NKRUMAH LUMUMBA VALIER,

     Applicant,

v.

THE STATE OF TEXAS

Trial Court No. 1150625-A

WR-77,638-08

## APPLICANT'S MOTION TO APPEAL THE DENIED APPLICANT'S MOTION TO DISMISS CONVICTION WITH PREJUDICE BECAUSE THE CONVICTION VIOLATES THE APPLICANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Nkrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant in aboved styled cause no. 1150625-A and WR-77,638-08 moves this honorable Court to GRANT Applicant's Motion To Appeal The Denied Applicant's Motion To Dismiss Conviction With Prejudice Because The Conviction Violates The Applicant's Rights Under The Due Process Clause OF The Fourteenth Amendment, and in support OF this Motion the Applicant show the Following:

I

The Due Process Clause OF the Fourteenth Amendment provides: No person shall make or enforce any law which shall abidge the privileges or immunities OF citizens OF the United States; nor shall any state deprive any person within it's jurisdiction the equal protection OF the laws. U.S. Const. XIV. §1.

In the Opinion OF the Court OF Appeals, First District it held that: The jury could rely on the DNA evidence alone to convict the Applicant For the aggravaded sexual assault OF Tiffany Rogers.

That decision was in Error and deprived the Applicant his rights under the United States OF America Constitution.

See Constitutional Law § 840.3 - proof beyond a reasonable doubt - relevent evidence. 19. Evidence which has a tendency to make existance OF an element OF a crime slightly more probable than it would be without the evidence (that is "relevent" evidence) can not by it self, rationally support a conviction OF a crime beyond a reasonable doubt, as is required by due process. See Jackson v. Va., 443 U.S. 307, 319 (1979).

Futhermore record show that Tiffany Rogers testified that she gave the Applicant Consent: Q. Ms. Rogers, would you agree, Ms. Rogers, that the man-- well in this case Mr. Valier, you would agree, Ms. Rogers, that Mr. Valier, did'nt need a gun to have sex with you because you had already agreed to have sex; is that correct? A. Yes, sir. (RR vol. 4, pg 75-76 at 21/1). Consent negates the element of the Crime or ~~does~~ thwarts the harm that the law seek to prevent. See Model Penal Code § 2.11.

Newly Discovered Evidence made availble by the Asst. Attorney General Melissa L. Hargis was not made available to the Applicant until March 19, 2014 in Civil Action N. H-13-3257 on pages 11-12 OF the Respondent Stephen's Motion For Summary Judgment with Brief in Support. That established that Judge Jan Krocker is the trial Judge in cause no. 1150625, ~~now~~ giving the Applicant the Factual and legal basis For the claim that was not available on the date the applicant Filed the previous application.

The State's use OF "DNA Evidence obtained in violation OF the law" to Convict the Applicant, violated his rights under the Due Process Clause OF the Fourteenth Amendment.

Record established that during the proceedings OF cause no. 1030025 and Cause no. 1150625 being heard in Jan Krocker 184th Judicial District Court around or about July 2005 the State unlawfully, knowingly and intentionally without a court order From Judge Jan Krocker in the 184th District Court or consent From applicant illegally used "DNA

2

evidence obtained in violation of the law", Under Article 38.23 Evidence Not To Be Used. (a) No evidence obtained by an Officer or person in violation of any provisions of the Constitution or Laws of the State Of Texas, or of the Constitution or Laws of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case. See State v Daugherty, 931 S.W 2d 268, 270 (Tex. Crim. App. 1996). The opinion of Judge Clinton in the Court of Criminal Appeals held: We essentially called up in this case Cause to decide what Article 38.23(a) means by "evidence obtained in violation of the law". In our view this language brooks no inevitable discovery doctrine; evidence actually "obtained in violation of the law" must be excluded whether or not it might later have been obtained lawfully.

Officer Keith McMurtry testified to this violation of Article 38.23 on November 2008 without a objection or "Motion To Suppress" by appointed counsel in direct-examination by Prosecutor Still: Q. So the rape Kit was sent to be processed. About what date was that or what month and what year? A. Lets see. It was July 2005. Q. Was there anything Fruitful that happened after the rape Kit was sent in? A. Yes. Sir. Q. What was that? A. I learned the identity of the donor of the Forensic evidence in that rape Kit. Q. Which would be? A. The Defendant in this case. Q. Whats his name? A. Nkrunah Valier. (RR vol. 4, pg. 113 at 8/20).

Not for the ineffective assistance of counsel appointed by the trial judge the out come of trial would've been different. His Failure to do a pre trial investigation prejudiced the Applicant because of the violations occurred in cause no. 1150625 in July 2005 while being heard by Judge Jan Krocker in the 184th District Court. Supported by Newly Discovered Evidence. And upon a proper objection to the State's "DNA evidence obtained in violation of the law" and Motion To Suppress DNA evidence. The out come of the proceedings would have been different.

3

Record reflect that Tiffany Rogers never identified the Applicant prior to trial in photo line-up. Or when the police officer picked up the Applicant's picture and showed it to her by itself. (RR vol 4. pg 62 at 5/24). That violated the applicant's Sixth Amendment right to assistance of counsel because the Applicant's attorney was not present for line-up to secure the rights of his client. 2). Officer Keith McMurtry testified he never recovered the weapon allegedly used to force Tiffany Rogers to submit to having sex. (RR vol 4 pg. 126 at 13/24). 3). No evidence was recovered from the car the rape alledgly took place in linking the Applicant to the scene of the crime. 4). The State produced no car, never found the applicant in possession of the car and had no evidence but the word of a prostitute that Newly Discovered Evidence Exhibits "B" and "C" clearly establised she gave false testimony and the State's use of false evidence to obtain the conviction of the Applicant for the offense of aggravated sexual assault of Tiffany Rogers in cause no. 1150625-D.

The Applicant has shown the Court of Criminal Appeals by a preponderance of the evidence, but for violations of the United States Constitution no rational juror could have found the Applicant guilty beyond a reasonable doubt.

## II.

Newly Discovered Evidence exhibits "B" and "C" could not have been presented previously in an original application or in previously ~~considered~~ considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the Applicant filed the previous application.

The State's use of false evidence to obtain the conviction of the Applicant violated his Constitutional Rights under the Due Process Clause of the Fourteenth Amendment.

Newly Discovered Evidence exhibit "B" was excuted on January 23, 2014, but was not made available to the Applicant until

4

Febuary 1, 2014. Then the Applicant Filed it as Newly Discovered Evidence in Civil Action No. H-13-3257. Tiffany Rogers testified that she is the mother of Caleb and her husband Wesley Rogers is the Father. (RR vol. 4 pg. 17-18 at 4/24). The State of Louisiana Department of Social Services Support EnForce Service served the Applicant with a Citation - Long arm. Making the Applicant aware that he was being sued For Child Support by Cordelia Rogers the mother OF Caleb Rogers and Nkrumah Valier is the natural Father. See Newly Discovered Evidence exhibt "B", that clearly established Tiffany Rogers gave False testimony evidence to the jury. See Nscapue v. Illinois, 360 U.S. 264, 269 (1959). The government may not knowingly use of False evidence unsolicited by the State.

Constitutional Law §840 - due process - False evidence

1). A conviction obtained through use of False evidence, known to be such by representatives OF the State, must Fall under the 14th Amendment the same result obtains when the State, athough not Soliciting False evidence, allows it to go uncorrected when it appears.

2). The due process principle that a State may not knowingly use False testimony to obtain a tainted conviction does not cease to apply merely because the False testimony goes only to the credability of the witness.

3). In applying the rule that a conviction obtained through use OF False evidence known to be such by representatives OF the State and permitted by them to go uncorrected must Fall under the due process Clause of the Fourteenth Amendment, it is immaterial that the silence OF the State representatives was not the result OF guile or a desire to prejudice.

Newly Discovered Evidence exhibit "c" was not made available to the Applicant until April 29, 2014 in the Form of a witness affidavit by Mr. Joe Ray Alvarez. The Applicant did not know Mr. Joe Ray Alvarez before that time. The Applicant Filed Newly Discovered Evidence exhibit "c" in Civil Action No. H-13-3257 the writ 2254 habeas corpus that was pending. To establise that

5

Tiffany Rogers committed perjury when she gave False testimony evidence when she testified that she turned to prostitution in May 2005 to support her 5 Kids. And she only prostituted her self twice in May 2005. (RR Vol. 4, pg. 20-23 at 9/1). Newly Discovered Evidence exhibit "C" established that Tiffany Wilson was prostituting herself For crack cocain and Other drugs Since 1990 to 1994, that Mr. Joe Ray Alvarez stated he personally witness. And to support her drug addiction, Tiffany manipulated men to motels For sex to have them robbed. And that he knew her to be a habitual lier. See Newly Discovered Evidence exhibit "C". Mr. Joe Ray Alvarez agreed to testify to his affidavit information provided. See ~~Alex~~ ALEJandro v. State, 725 S.W.2d 510-513 (Tex. App. Houston (1st Dist.) 1987). When the prosecution paint a False picture to jury. If a prosecutor intentionally misleads or present a False picture to the jury, the judgment must or may be reversed.

See U.S. v. Abroms, 947 F.2d 1241 (5th Circuit 1991) perjury to meet test OF materiality. False statements before tribunal need not be material to any particular issue, but may be material to Collateral matters that might influence Court or jury in decision OF questions before tribunal. 18 U.S.C.A. §§ 1623 (a,e).

By the prosecutor and Tiffany Rogers presenting False evidence about the amount OF times she prostituted her self, why she was prostituting and how many men she had sex with in May 2005 prior to her alledged aggravated sexual assault on May 16, 2005 "tainted" the outcome OF the proceeding.

See U.S. v. McLaughin, 89 F. Supp. 2d 617 (E.D. Pa. 2000). Government's use OF perjured testimony warrnded new trial.

To grant new trial based on government use OF perjured testimony court must be satisFied that: (1) testimony given by material witness was False; (2) jury might have reached different conclusion; (3) and party seeking new trial was suprised by False

6

testimony and unable to meet it, or did not know of it's Falsity until after trial.

Newly Discovered evidence, For purpose of obtaining a new trial must be evidence that attorney from previous trial could not have found in time for earlier trial even if he was exercising due diligence. Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A.

The Applicant has proved to the Court of Criminal Appeals by the preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the Applicant guilty beyond a reasonable doubt.

WHEREFORE PREMISES CONSIDERED, the Applicant prays that The Court of Criminal Appeals GRANT Applicant's Motion To Appeal The Denied Applicant's Motion To Dismiss Conviction With Prejudice Because The Conviction Violates The Applicant's Rights Under The Due Process Clause Of The Fourteenth Amendment. In alternative Reverse Conviction and Remand to State Court For a New Trial under Fed. Rules Cr. Proc. Rule 33, 18 U.S.C.A.

Respectfully submitted on the 11th day of December, 2014.

Nkrumah Lumumba Valier

## Inmate's Declaration

I, Nkrumah Lumumba Valier, TDCJ-No. 156714, being presently incarcerated at the Dalhart Unit 11950 FM 998 Dalhart, Texas 79022, declare under penalty of perjury that the foregoing is true and correct.
Executed on this the 11th day of December, 2014.

Nkrumah Lumumba Valier

## Texas Code Of Criminal Procedure

42.03 Unsworn Declaration by Inmate V.T.C.A. Civil Practice And Remedies Code 132.001, 132.002 and 132.003, as Enacted By Acts Of ~~xxxx~~ ~~xxxx~~ The 20th Leg. 1987

7

## Certificate OF Service

I, Nkrumah Lumumba Valier, TDCJ-No. 1546714, the Applicant here by declare that a clear and correct copy OF Applicant's Motion To Appeal The Denied Applicant's Motion To Dismiss Conviction With Prejudice Because The Conviction Violates The Applicant's Rights Under The Due Process Clause OF The Fourteenth Amendment has been sent out by U.S. Postal Service pre-paid to be served on Abel Acosta, Clerk Court OF Criminal Appeals, P.O. Box 12308, Capitol Station, Austin, Texas 78711 on the 11th day of December, 2014.

Respectfully Submitted,

Nkrumah Lumumba Valier

Nkrumah Lumumba Valier
TDCJ-No. 1546714
Applicant, Pro Se
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

8